**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew C Graziotti,<br><br>    Petitioner,<br><br>v.<br><br>Unknown Gutierrez,<br><br>    Respondent. | No. CV-22-00322-TUC-RM (DTF)<br><br>**REPORT AND RECOMMENDATION** |

    Petitioner Matthew C Graziotti (Graziotti or Petitioner) presently incarcerated in the U.S. Penitentiary in Tucson, Arizona ("USP Tucson"), filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1.) Respondent filed his answer on October 20, 2022. (Doc. 10.) Graziotti filed his reply on November 3, 2022. (Doc. 11.) This matter is fully briefed. This matter was referred to the undersigned United States Magistrate Judge for a Report and Recommendation. (Doc. 5 at 4.) As more fully set forth below, this Court recommends that the petition be denied and dismissed.

**I.    BACKGROUND**

    Petitioner is currently serving a 210-year term of imprisonment. (Doc. 10-1 at 3.) On August 25, 2021, Counselor Smith reviewed one of Petitioner's telephone call. *Id.* at 17. He determined the party receiving the call was Petitioner's son, who had been verified as one of Petitioner's victims. *Id.* Further investigation revealed that Petitioner had called his son eight times between August 17 and August 23. *Id.* The incident report was given to Petitioner on August 25, 2021. *Id.*

On September 14, 2021, the Discipline Hearing Officer (DHO) held a hearing. *Id.* at 13. Petitioner stated his son was not a victim. *Id.* The DHO amended the charge and found Petitioner had committed the act of use of the telephone for abuses other than criminal activity. *Id.* at 15. She sanctioned him with loss of commissary and phone privileges for sixty days. *Id.*

Petitioner pursued administrative remedies and a rehearing was ordered. *Id.* at 24; (Doc. 10-2 at 6). On January 10, 2022, the DHO conducted a rehearing. (Doc. 10-1 at 24.) Petitioner waived his right to attend the rehearing. *Id.* The original charge was upheld, and the original sanctions were implemented from the date of the original hearing. *Id.* at 26. The sanctions had already expired. *Id.* at 26-27.

Petitioner argues BOP deprived him of his due process rights in his disciplinary proceedings. (Doc. 1 at 4.) He requests that the Court order BOP to produce evidence to support their claim, expunge the violation, reverse all sanctions, and remove all documentation from his file. *Id.* at 9. Petitioner does not argue any good-conduct-time credit was taken or that the Petition would shorten his sentence in any way. (Docs. 1, 11.)

## II. DISCUSSION

*Jurisdiction*

Under § 2241, courts may grant a writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). A prisoner who wishes to challenge the manner, location, or conditions of a sentence's execution must bring a petition pursuant to § 2241 in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Habeas provides jurisdiction over claims that "the deprivation of their good-conduct-time credits was causing or would cause them to be in illegal physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Challenges to disciplinary actions that do not affect the fact or length of confinement are appropriately brought under a civil rights action. *Ramirez v. Galaza*, 334 F.3d 850, 852, 856, 858 (9th Cir. 2003).

Respondent argues the Court does not have jurisdiction. (Doc. 10 at 10.) While, the

Court clearly would have jurisdiction over claims about the loss of good-conduct-time credit, the allegations here do not involve such a loss. (Doc. 10-1 at 15, 27.) Instead, Petitioner lost commissary and phone privileges for sixty days. *Id.* Petitioner has not argued that success in this matter would shorten his confinement. (Docs. 1, 11.) These claims would be appropriately brought in a civil rights complaint. *See Ramirez*, 334 F.3d at 852, 856, 858. The Court recommends that the district court dismiss Petition because § 2241 does not provide jurisdiction over it.

Courts may convert a habeas petition into a civil rights complaint, "if the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)). Here, the correct defendants are not named. Additionally, the fee for a habeas proceeding is much lower than the fee required for a civil rights action.[1] Hence, Petitioner would be required to pay a larger fee if the district court were to convert his claim into a civil rights action. Thus, this Court does not recommend converting these claims.

Therefore, this Court lacks jurisdiction over this matter.

//
//
//
//
//
//
//
//
//

---

[1] Petitioner did not file an application to proceed in district court without prepaying fees or costs. (Doc. 4.)

### III. RECOMMENDATION

The Court does not have jurisdiction over this Petition. Accordingly, it is recommended the district court, after its independent review, deny and dismiss the Petition.

Pursuant to 28 U.S.C. § 636(b)(1) and 72(b)(2), Fed. R. Civ. P., any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. The Clerk of Court is directed to terminate the referral of this matter. Filed objections should bear the following case number: **4:22-cv-00322-TUC-RM**.

Dated this 1st day of March, 2023.

Honorable D. Thomas Ferraro
United States Magistrate Judge