**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew C Graziotti,<br><br>　　　　Petitioner,<br><br>v.<br><br>Unknown Gutierrez,<br><br>　　　　Respondent. | No. CV-22-00322-TUC-RM<br><br>**ORDER** |

Petitioner Matthew C. Graziotti filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition"), alleging that his Fifth Amendment due process rights were violated in prison disciplinary proceedings. (Doc. 1.) On March 1, 2023, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation ("R&R") (Doc. 13), recommending that this Court dismiss the § 2241 Petition for lack of jurisdiction. The R&R finds that this Court lacks jurisdiction over the § 2241 Petition because Petitioner alleges only a sixty-day loss of commissary and phone privileges rather than the loss of good-time credits, and he does not argue that success in this matter would shorten his confinement. (*Id.*) The R&R recognizes that a court may, under appropriate circumstances, convert a habeas petition into a civil rights complaint, but it recommends declining to do so here because the Petition does not name appropriate defendants for a civil rights complaint and the filing fee for a civil rights action is much higher than for a habeas action. (*Id.*)

Petitioner filed an Objection and a Motion for Leave to Submit Amended Civil

Rights Complaint. (Docs. 14, 15.) Petitioner asks the Court to allow him to amend his pleading to convert it into a civil rights complaint, provide the names of appropriate defendants for a civil rights action, and seek appropriate relief. (Docs. 14, 15.) Petitioner avers that he will submit the necessary court fees to have the Petition converted into a civil rights complaint. (Docs. 14, 15.)

In response, Respondents argue that Petitioner does not identify any proper grounds for rejecting the R&R. (Docs. 16, 17.) Respondents further argue that Petitioner failed to attach a copy of his proposed amended pleading as required by Local Rule of Civil Procedure ("LRCiv") 15.1(a), and that any amendment would be futile because a civil rights claim would be moot given that Petitioner's loss of commissary and phone privileges has already expired. (Docs. 16, 17.)

## I. Legal Standard

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## II. Discussion

Petitioner does not challenge the R&R's finding that this Court lacks jurisdiction over his § 2241 Petition. The Court has reviewed that portion of the R&R for clear error and has found none. Accordingly, the Court will adopt that portion of the R&R. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (if success on a claim

"would not necessarily lead to [a petitioner's] immediate or earlier release from confinement" the claim falls outside "the core of habeas corpus" and must be brought as a civil rights claim (internal quotation marks omitted)); *see also Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (a challenge to a prison disciplinary finding is properly brought in a civil rights proceeding if success in the matter would not necessarily accelerate the prisoner's release).

Petitioner objects to the R&R's recommendation that this Court decline to convert the § 2241 Petition into a civil rights complaint. (Docs. 14, 15.) A court may convert a habeas petition into a civil rights action if the petition "is amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and if the Court "warns the *pro se* litigant of the consequences of conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (internal quotation marks omitted). Here, the § 2241 Petition is not amenable to conversion on its face because it does not name the correct defendants. Furthermore, Petitioner has not submitted a proposed amended pleading and this Court is therefore unable to evaluate his requested amendments. *See* LRCiv 15.1(a) ("A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion" and "must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added."). Accordingly, the Court will adopt the R&R's recommendation to dismiss the Petition for lack of jurisdiction instead of converting the Petition into a civil rights complaint.

Petitioner is free to file a civil rights action, but he is warned that a $350.00 filing fee and $52.00 administrative fee is required for a civil action. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action in forma pauperis must still pay the full amount of the filing fee in installments. 28 U.S.C. § 1915(b)(1)-(2). The PLRA also requires the Court to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental

entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b)(1)–(2).

Accordingly,

**IT IS ORDERED**:

1. Petitioner's Objection (Doc. 14) is **overruled**.
2. Magistrate Judge D. Thomas Ferraro's Report and Recommendation (Doc. 13) is **accepted and adopted in full**.
3. Petitioner's Motion for Leave to Submit Amended Civil Rights Complaint (Doc. 15) is **denied**.
4. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **dismissed for lack of jurisdiction**.
5. The Clerk of Court is directed to enter judgment accordingly and close this case.

**Dated this 20th day of April, 2023.**

_____
Honorable Rosemary Márquez
United States District Judge